IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:13 CR 490 |
| | ) | |
| Plaintiff | ) | JUDGE: SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| INNA MELNYK, | ) | |
| | ) | **DEFENDANT INNA MELNYK'S** |
| Defendant | ) | **SENTENCING MEMORANDUM** |

Defendant, Inna Melnyk, respectfully submits this Sentencing Memorandum. Her Sentencing Hearing is currently scheduled for February 22, 2019 at 1:00 pm.

**SENTENCING MEMORANDUM**

Inna Melnyk is aware that This Honorable Court is familiar with the facts of this case. Ms. Melnyk is further aware that This Court is fully knowledgeable as to its sentencing obligations and the factors to be considered pursuant to 18 U.S.C. 3553, in using its authority and discretion in imposing a sentence sufficient, but not greater than necessary, to comply with the purposes of Federal sentencing law. Ms. Melnyk, in addition to incorporating her Presentence Report into this Sentencing Memorandum, would like to direct the Court's attention to the following reasons that she believes the Court should consider, in determining a fair and reasonable sentence under 18 U.S. 3553 – which Defendant asserts would be sentence of "time served", with no supervised release:

1

1. Defendant is a Total Offense Level 12 with a Criminal History Category I, for a Guideline Range of Zone C 10-16 months. A term of Supervised Release is not statutorily required.

2. Ms. Melnyk has fully accepted responsibility for her actions in this case, and admits that she committed the crime that she was charged with. It should be emphasized that when she pled guilty 9 years ago in the Ukraine to offenses, based upon the same conduct that is the subject of this case, Inna Melnyk freely confessed her guilt. She also cooperated with the authorities. The following is Ms. Melnyk' acceptance of responsibility statement that she submitted to the probation officer at her Presentence Report interview:

   > I am very sorry for what I did and the crimes I committed. I created false documents about ten years ago, and I deserved to receive punishment. Since that time, I freely confessed to my crimes to the Ukrainian authorities, and have run an honest travel agency business. I will continue to run that business in an honest way when I return to the Ukraine.

3. As a result of her conviction in the Ukraine, Ms. Melnyk was fired from her job, lost business customers, lost friends, and suffered public embarrassment. After the criminal proceedings in the Ukraine, she believed that this matter was over with. She worked hard at repairing her reputation, and starting up her own travel business (which does not involved visas to the United States). She put the matter behind her, and moved on with her life, which revolved around raising her daughter.

4. Inna Melnyk was unaware that there was an outstanding warrant for her arrest. In fact, prior to her arrest in Italy in November 2017 while vacationing with her daughter, she had traveled freely before throughout Europe on prior occasions.

5. As soon as this case is concluded, Defendant plans on immediately making travel arrangements to return to the Ukraine. She does not foresee returning to the United

States in the future. There is absolutely no indication that Ms. Melnyk will not lead a productive and law abiding life going forward. Therefore, there would be no reason to impose a term of Supervised Release on Ms. Melnyk.

The Court must engage in an individualized sentencing of Inna Melnyk, which involves consideration of the factors codified at **18 U.S.C. § 3553(a)**, guided by United States v. Booker, 543 U.S. 220 (2005); Rita v. United States, 551 U.S. 338, (2007), and Gall v. United States, 552 U.S. 38, (2007). As the full Sixth Circuit stated in United States. v. Vonner, 516 F.3d 382, 392 (6th Cir.) (en banc), cert. denied, 555 U.S. 816 (2008):

> Booker empowered district courts, not appellate courts and not the Sentencing Commission. Talk of presumptions, plain error and procedural and substantive rules of review means nothing if it does not account for the central reality that Booker breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them.

Relevant portions of **18 U.S.C. 3553, Imposition of a Sentence,** read as follows**:**

> (a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection**.** The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…….

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

(5) any pertinent policy statement……

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Inna Melnyk anticipates that This Court will follow **18 U.S.C. 3553** in arriving at a reasonable sentence, and will consider her personal history and characteristics, as well as the nature and characteristics of the specific offense charged in the indictment. She respectfully requests that This Honorable Court impose a sentence of "time served", refrain from placing her on Supervised Release, and impose no fine.

Respectfully submitted,

/s/ Thomas E. Conway
Thomas E. Conway (Reg. 0021183)
55 Public Square  Suite 2100
Cleveland, Ohio  44113
(216) 210-0470 - Phone
teconway@sbcglobal.net – Email

## CERTIFICATE OF SERVICE

I certify that the forgoing was filed electronically on February 15, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and can be accessed through said system.

/s/ Thomas E. Conway
Thomas E. Conway
